IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CINTYA LARIOS GUZMAN, individually and
on behalf of a class of similarly situated
individuals,

       Plaintiff,

v.                              Case No.:  19-CIV-61461-RAR

SPIRIT AIRLINES, INC., a Delaware
corporation,

       Defendant.

_____/

**DEFENDANT SPIRIT AIRLINES, INC.'S ANSWER TO PLAINTIFF GUZMAN'S
FIRST AMENDED CLASS ACTION COMPLAINT, AFFIRMATIVE
<u>DEFENSES, AND RELIANCE ON JURY DEMAND</u>**

NOW COMES the Defendant, Spirit Airlines, Inc. ("Spirit"), by and through its attorneys,

LEÓN COSGROVE, LLP, and JAFFE RAITT HEUER & WEISS, P.C., and for its Answer to

Plaintiff Cintya Larios Guzman's First Amended Class Action Complaint, states as follows:

**NATURE OF THE ACTION**

1.      Defendant offers its customers the opportunity to pay an extra fee for the ability to

"skip" the normal airport security line.  A customer can do this by purchasing Spirit's "Shortcut

Security" option for $6–$8 at designated airports in the United States.  According to its description,

Spirit's Shortcut Security option is supposed to be a separate line distinct from the general security

line, which is faster for Spirit customers that pay the fee.

      **<u>ANSWER</u>:**    Denied as stated.

2.      The ability to bypass the busy security line at busy airports has immense value, and almost all travelers know what a benefit said service would be.  As such, thousands of Defendant's customers would happily pay $8 to skip the security line at the airport.

**ANSWER:**      Spirit objects to the extent that the allegations in paragraph 2 are narrative and/or argumentative. Without waiving any objections and subject thereto, denied as stated.

3.      However, Spirit is able to offer this service at such an inexpensive rate because the service is illusory.  In fact, there generally is no way to skip the normal airport security line apart from having a TSA "Precheck" designation.  Most airports in the United States do not allow airlines to conduct security themselves or to contract for a shorter security line available for only one airline carrier's customers.

**ANSWER:**      Spirit objects to the extent that the allegations in paragraph 3 are narrative and/or argumentative. Without waiving any objections and subject thereto, denied as stated.

4.      Spirit's Shortcut Security agreement is distinct from the airline ticket sale known as the Contract of Carriage and is sold to the customer during the check-in process, which is generally much shorter and provides far less opportunity to review any selections made.

**ANSWER:**      Spirit objects to the extent that the allegations in paragraph 4 seek legal conclusions. Without waiving any objections and subject thereto, the existence of Spirit's Contract of Carriage is admitted. Denied that Shortcut Security is an agreement, and the remaining allegations in paragraph 4 are denied. In further response, Spirit states that its Contract of Carriage is always available to passengers and the general public from a link on its website at https://content.spirit.com/Shared/en-us/Documents/Contract_ of_Carriage.pdf. Additionally, with every passenger's ticket purchase – whether made by calling Reservations, on spirit.com, on the Spirit app, or at the airports – Spirit provides notice of its Contract of Carriage, and the

2

incorporation of its terms, and makes the full text of the Contract of Carriage available to passengers via web link, through the Spirit app, by mail, at the airports, and at ticket offices. The foregoing complies with any and all applicable federal common law and regulations, including but not limited to 14 C.F.R. §§ 253.4(a) and 253.5(a).

5.      Plaintiff, Larios Guzman, purchased Spirit's Security Shortcut service for $8 while attempting to check-in on her phone prior to her flight out of LAX airport.

**ANSWER:**      Denied.

6.      During Plaintiff's attempt to locate the "Shortcut Security" line to which she purchased access, she soon realized that no such line existed at LAX airport at that time.

**ANSWER:**      Spirit lacks sufficient knowledge to form a belief as to the truth of the allegations, and on that basis denies them.

7.      Indeed, a quick google search reveals that most, if not all, of the airports at which Spirit offers their "Shortcut Security" pass do not actually offer a "Shortcut Security" line.

**ANSWER:**      Spirit lacks sufficient knowledge to form a belief as to the truth of the allegations regarding Plaintiff's "google search," and on that basis denies them. The remaining allegations in paragraph 7 are denied as stated.

8.      Even though Spirit knows that it cannot provide any "Shortcut Security" service, it continues to offer and sell it to consumers.

**ANSWER:**      Denied.

9.      Defendant's conduct in selling its "Shortcut Security" service is unlawful, deceptive, unfair and an ongoing violation of the rights of its customers.  Further, Plaintiff and other consumers would not have purchased such a service from Defendant had they known that Defendant had no way to fulfill what they contracted to purchase.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

**ANSWER:**  Spirit objects to the extent that the allegations in paragraph 9 seek legal conclusions. Without waiving any objections and subject thereto, denied as stated.

10.     On behalf of herself and a proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to stop advertising and selling its "Shortcut Security" passes and to comply with Florida's Deceptive and Unfair Trade Practices Act and common laws, as well as an award of actual and compensatory damages to the Class, together with costs and reasonable attorneys' fees.

**ANSWER:**   Admitted that Plaintiff and the putative class seek the alleged relief, but denied that Spirit is liable for or that Plaintiff or the putative class are entitled to any such relief.

### JURISDICTION & VENUE

11.     This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a putative class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant's states of citizenship; and none of the exceptions under subsection 1332(d) apply to this action.

**ANSWER:**   Spirit objects to the extent that the allegations in paragraph 11 seek legal conclusions. Without waiving any objections and subject thereto, admitted that, as pled in Plaintiff's Class Action Complaint, this Court has jurisdiction under 28 U.S.C. § 1332(d), and/or under 28 U.S.C. § 1331. Spirit lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 12, and on that basis denies them.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

12.     This Court has general personal jurisdiction over Defendant with respect to Plaintiff's and the other putative class members' claims, because Defendant is incorporated in Florida and Defendant's principle [sic] place of business is in Florida.

**ANSWER:**    Admitted.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, as Defendant contracted with Plaintiff and the other putative class members from within this District.

**ANSWER:**    Spirit objects to the extent that the allegations in paragraph 13 seek legal conclusions. Without waiving any objections and subject thereto, admitted that venue is proper because, *inter alia*, Spirit's principal place of business is located in the Southern District of Florida. Denied that Shortcut Security is a contract, and the remaining allegations in paragraph 13 are denied.

## PARTIES

14.     Defendant is a Delaware corporation headquartered in Miramar, Florida. Defendant is the seventh largest commercial airline in the United States and operates scheduled flights throughout the country.

**ANSWER:**    Admitted that Spirit is a Delaware corporation headquartered in Miramar, Florida. The remaining allegations in paragraph 14 are denied as stated.

15.     Plaintiff is a natural person who resides in Virginia.

**ANSWER:**    Spirit lacks sufficient knowledge to form a belief as to the truth of the allegations, and on that basis denies them.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

## COMMON ALLEGATIONS OF FACT

***Background***

16.     Spirit Airlines is a budget airline that forgoes many of the comforts and amenities that other airlines provide in order to sell flights at a lower rate than many of its competitors.  To make up for its lower fares, Spirit charges its passengers extra fees for almost every convenience incident to the flight itself.

**ANSWER:**     Denied as stated. Admitted that Spirit charges certain fees for certain optional services.

17.     For example, Spirit charges an additional $10 fee to check-in at the airport, $55 to bring a carry-on bag, and $50 for a stowed bag.  Passengers can also pay extra to have an early seating option, to select their seat, to eat or drink anything on the flight or, as is the case here, the option to skip the normal security line.

**ANSWER:**     Denied as stated. Admitted that Spirit charges certain fees for certain optional services. Denied that the optional services or fees are as alleged.

18.     According to Defendant, Spirit's "Shortcut Security" option functions as a way to bypass the normal airport security line for a person who is running late or just does not want to stand in the normal security line.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM



(Figure 1)

      **ANSWER:**   Denied as stated.

      19.    Contrary to what Spirit represents about its service, however, it is the TSA that controls the security access to an airport and unless a person has the TSA "Precheck" designation, they must go through the same general TSA security line as passengers who did not purchase any "Shortcut Security" service.

      **ANSWER:**  Denied as stated.

      20.    Undeterred, Spirit offers the "Shortcut Security" service to its customers during the check-in process even in situations when it knows that it does not and cannot actually provide any such service.

      **ANSWER:**   Denied.

LEÓN COSGROVE, LLP

255 ALHAMBRA CIR. | SUITE 800 | CORAL GABLES, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM

21.     Defendant, through its unfair and deceptive practices in offering the "Shortcut Service," monetarily benefits from passengers who may legitimately need to go through security faster.

**ANSWER:**   Denied as stated.

22.     Indeed, there are numerous consumer complaints posted online from customers who have found that there is no Spirit "Shortcut Security" line, or any other equivalent line, at almost every airport that Spirit supposedly offers this service at.

> Great prices, friendly flight staff but the workers at the airports are the problem. We flew from Detroit to Fort Lauderdale and then on to St. Thomas USVI.  We paid extra for security shortcut that was not honored or does not exist in Detroit or Fort Lauderdale.  They outright told us that it did not matter what we paid for or what the ticket said, everyone stands in the same line and everybody waits their turn.  We wasted money![1]

> Got to the airport and paid for "Express Check In and Express Security.  Never received either.   TSA agent said they don't recognize Express at that airport...Following day requested credit for the bogus "Express Check In and Express Security".  Support has offered a Spirit Credit which is completely useless. I paid in US Dollars and I want a refund in US Dollars.  Not a worthless credit on a worthless airline."[2]

**ANSWER:**   Spirit objects to the extent that the allegations in paragraph 22 seek legal conclusions. Additionally Spirit objects to the extent that the allegations in paragraph 22 are narrative and/or argumentative. Without waiving any objections and subject thereto, denied as stated.

### *Facts Specific to Plaintiff*

23.     On August 11, 2019, Plaintiff was to take a late flight home from LAX airport to

---

[1]     https://www.tripadvisor.com/ShowUserReviews-g1-d8729157-r452494378-Spirit_Airlines-World.html#

[2]     https://www.tripadvisor.com/ShowUserReviews-g1-d8729157-r586230377-Spirit_Airlines-World.html#

LEÓN COSGROVE, LLP

255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

Dulles International Airport outside of Washington D.C.

**ANSWER:**   Denied.

24.     Realizing that reaching the airport would likely take longer than expected due to construction at the airport, as well as the general mayhem that accompanies flying out of LAX, Plaintiff, attempting to check-in on her phone, saw that Spirit had an option to "Shortcut Security" for only $8.  Knowing that she was running late and would likely need to make up some time, Plaintiff purchased said "Shortcut Security" service on her cellphone through the Spirit mobile app.

**ANSWER:**   Admitted that Spirit's Shortcut Security optional service was available to passengers for $8.  Spirit lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 24, and on that basis denies them.

25.     After checking her bag, Plaintiff attempted to find the "Shortcut Security" lane. Plaintiff went to the only security checkpoint of her terminal and asked the TSA agent for Spirit's "Shortcut Security" checkpoint.  The TSA agent stationed there replied that there was no Spirit "Shortcut Security" lane.  The TSA Agent further informed Plaintiff that the security line she was in was the only security line for the terminal apart from TSA Precheck.

**ANSWER:**   Spirit lacks sufficient knowledge to form a belief as to the truth of the allegations, and on that basis denies them.

26.     Plaintiff, despite purchasing access to the "Shortcut Security" line, was forced to use the general security line, receiving no benefit of the bargain she struck with the Defendant. There was no dedicated security line for Spirit customers, nor was there a designated queuing line. Instead, there was only one security line that all passengers were required to use.

**ANSWER:**  Spirit objects to the extent that the allegations in paragraph 26 seek legal

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

conclusions. Without waiving any objections and subject thereto, Spirit lacks sufficient knowledge to form a belief as to the truth of the allegations regarding Plaintiff's use of the security line, and on that basis denies them. The remaining allegations in paragraph 26 are denied as stated.

27.     Apart from almost missing her flight, Plaintiff also suffered monetary damages as a result of Spirit's advertising and sale of the "Shortcut Security" option when no such "Shortcut Security" was available.

**ANSWER:**     Denied.

28.     Defendant's actions in advertising and selling to Plaintiff its "Shortcut Security" service when no such service was actually available or provided, violated Plaintiff's common law rights under state law.

**ANSWER:**     Spirit objects to the extent that the allegations in paragraph 28 seek legal conclusions. Without waiving any objections and subject thereto, denied.

## CLASS ACTION ALLEGATIONS

29.     Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff seeks certification of the following class of similarly situated individuals:

> The Class:  All individuals within the United States who, at any time within the applicable limitations period, purchased Spirit Airlines' "Shortcut Security" service when no such service was available.

**ANSWER:**     Admitted that Plaintiff's complaint attempts to seek the alleged certification. Denied that Plaintiff's complaint satisfies the requirements of Rule 23(a) and/or (b), or that Plaintiff and the putative class can maintain a class action against Spirit.

30.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such individuals.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

**ANSWER:**   Admitted that Plaintiff's complaint attempts to define the putative class as alleged. Denied that Plaintiff's complaint satisfies the requirements of Rule 23(a) and/or (b), or that Plaintiff and the putative class can maintain a class action against Spirit.

31.   **Numerosity:**  Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unavailable to Plaintiff, the members can be easily identified through Defendant's records.

**ANSWER:**   Spirit lacks sufficient knowledge to form a belief as to the truth of the allegations, and on that basis denies them.

32.   **Typicality:**  Plaintiff's claims are typical of the claims of the Class she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the Class is the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.  As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's unfair and deceptive business practices as well as its false advertising.

**ANSWER:**   Spirit objects to the extent that the allegations in paragraph 32 seek legal conclusions. Without waiving any objections and subject thereto, denied.

33.   **Adequacy:**  Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.  Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

**ANSWER:**   Spirit objects to the extent that the allegations in paragraph 33 seek legal

conclusions. Without waiving any objections and subject thereto, Spirit lacks sufficient knowledge to form a belief as to the truth of the allegations regarding the experience or adequacy of Plaintiff's attorneys, and on that basis denies them. The remaining allegations in paragraph 33 are denied.

34.     **Commonality & Predominance:**  Common questions of law and fact exist as to all members of the Class, and such questions predominate over questions affecting Plaintiff or individual members of the Class.  Common questions for the Class include, but are not limited, to the following:

      (a)     Whether Defendant advertised and sold a "Shortcut Security" option which it did not actually provide to its consumers at LAX and other airports throughout the nation?

      (b)     Whether Defendant engaged in fraudulent, false, deceptive and/or unfair conduct and business practices in advertising and selling its "Shortcut Security" service when it had no intention or ability to offer that service?

      (c)     Whether Defendant was unjustly enriched by receiving profits from its sales of the "Shortcut Security" service?

      (d)     Whether Defendant should be enjoined from engaging in such conduct in the future?

      (e)     Whether Plaintiff and the members of the Class have suffered damages as a result of their respective purchases of Defendant's "Shortcut Security" service?

**ANSWER:**   Spirit objects to the extent that the allegations in paragraph 34 raise questions of law and/or seek legal conclusions. Without waiving any objections and subject thereto, denied as stated.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

35.    **Superiority:**  Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

**ANSWER:**    Spirit objects to the extent that the allegations in paragraph 35 seek legal conclusions. Without waiving any objections and subject thereto, denied.

36.    Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in advertising and selling the "Shortcut Security" service at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**ANSWER:**    Denied.

### FIRST CAUSE OF ACTION
### Common Law Breach of Contract
### (On behalf of Plaintiff and the Class)

37.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:**    Spirit incorporates by reference the foregoing objections and answers as if fully set forth herein.

38.    On August 11, 2019, Plaintiff, like the other members of the Class, purchased the "Shortcut Security" service from Spirit Airlines while checking in to her flight at the LAX Airport.

**ANSWER:**    Denied.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

39.     As such, Plaintiff and the Class members provided monetary compensation in exchange for receiving the "Shortcut Security" service.

**ANSWER:**     Denied.

40.     A valid contract was formed with Defendant when Plaintiff and the other members of the Class made their respective purchases from Defendant.

**ANSWER:**     Spirit objects to the extent that the allegations in paragraph 40 seek legal conclusions. Without waiving any objections and subject thereto, denied that Shortcut Security is a contract, and the remaining allegations in paragraph 40 are denied.

41.     The contracts between Plaintiff and the other Class members and Defendant are supported by bargained-for consideration and were entered into following offer and acceptance of the definite and certain terms regarding payment of $6 - $8 in exchange for the ability to shortcut the airport security line.

**ANSWER:**     Spirit objects to the extent that the allegations in paragraph 41 seek legal conclusions. Without waiving any objections and subject thereto, denied that Shortcut Security is a contract, and the remaining allegations in paragraph 41 are denied.

42.     Under Defendant's contracts with Plaintiff and the other members of the Class, Defendant promised to Plaintiff and the other members of the Class that it would provide "Shortcut Security" service that, in exchange for the stated sum, would allow them access to an expedited security line at the airport.

**ANSWER:**     Spirit objects to the extent that the allegations in paragraph 42 seek legal conclusions. Without waiving any objections and subject thereto, denied that Shortcut Security is a contract, and the remaining allegations in paragraph 42 are denied.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

43.     Plaintiff and the other members of the Class complied with all of the terms of their agreements with Defendant and performed all other conditions and duties under their contracts with Defendant for the transactions at issue.

**ANSWER:**     Spirit objects to the extent that the allegations in paragraph 43 seek legal conclusions. Without waiving any objections and subject thereto, denied.

44.     However, Defendant failed to perform its obligations under the contracts entered into with Plaintiff and the other members of the Class and thus breached those contracts, as Defendant never actually provided a "Shortcut Service" of any kind at LAX, or at the other airports where the other members of the Class sought to use the "Shortcut Security" service.

**ANSWER:**     Spirit objects to the extent that the allegations in paragraph 44 seek legal conclusions. Without waiving any objections and subject thereto, denied that Shortcut Security is a contract, and the remaining allegations in paragraph 44 are denied.

45.     Neither Plaintiff, nor the Class, received any benefit from the "Shortcut Security" service which they purchased and contracted for.

**ANSWER:**     Spirit objects to the extent that the allegations in paragraph 45 seek legal conclusions. Without waiving any objections and subject thereto, denied that Shortcut Security is a contract, and the remaining allegations in paragraph 45 are denied.

46.     As a direct and proximate result of Defendant's breaches of its contracts with its customers, Plaintiff and the other members of the Class have suffered actual harm and are entitled to recover compensatory damages at least in an amount equal to the amounts paid for a "Shortcut Security" service that Defendant failed to provide.

**ANSWER:**     Spirit objects to the extent that the allegations in paragraph 46 seek legal

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

conclusions. Without waiving any objections and subject thereto, denied that Shortcut Security is a contract, and the remaining allegations in paragraph 46 are denied.

## SECOND CAUSE OF ACTION
### Common Law Breach of Implied Contract
### (On behalf of Plaintiff and the Class)

47.     Plaintiff incorporates by reference the allegations in paragraphs 1 - 36 [sic] above.

**ANSWER:**     Spirit incorporates by reference the objections and answers in paragraphs 1 - 46 above.

48.     Through their conduct and actions, Plaintiff and the other Class members entered into implied contracts in law and in fact with Defendant.  Specifically, when Plaintiff and the other Class members purchased the "Shortcut Security" service from Spirit Airlines under the terms Defendant advertised, Plaintiff and the other members of the Class entered into implied contracts with Defendant.

**ANSWER:**     Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' quasi-contract claim in the consolidated action (Doc. # 31), and Plaintiff stipulated to the Court's Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 48 seek legal conclusions. Without waiving any objections and subject thereto, denied that Shortcut Security is a contract, whether express or implied, and the remaining allegations in paragraph 48 are denied.

49.     Under these implied contracts, Plaintiff and the other Class members reached a meeting of the minds and mutual understanding with Defendant that, in exchange for the stated sum, Defendant would allow them access to an expedited security line at the airport.

**ANSWER:**     Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' quasi-contract claim in the consolidated action (Doc. # 31), and Plaintiff stipulated to the Court's

LEÓN COSGROVE, LLP

255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 49 seek legal conclusions. Without waiving any objections and subject thereto, denied that Shortcut Security is a contract, whether express or implied, and the remaining allegations in paragraph 49 are denied.

50.     Defendant breached its implied agreement with Plaintiff and the other members of the Class by, among other things, failing to actually provide a "Shortcut Service" of any kind at LAX, or at the other airports where the other members of the Class sought to use the "Shortcut Security" service.

**ANSWER:**     Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' quasi-contract claim in the consolidated action (Doc. # 31), and Plaintiff stipulated to the Court's Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 50 seek legal conclusions. Without waiving any objections and subject thereto, denied that Shortcut Security is a contract, whether express or implied, and the remaining allegations in paragraph 50 are denied.

51.     As a direct and proximate result of Defendant's breach of its implied agreements with Plaintiff and the Class members, Plaintiff and the other Class members have suffered actual monetary damages, pecuniary losses, and other harms as described herein, all of which have ascertainable value to be proven at trial.

**ANSWER:**     Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' quasi-contract claim in the consolidated action (Doc. # 31), and Plaintiff stipulated to the Court's Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 51 seek legal conclusions. Without waiving any objections and subject thereto, denied that Shortcut

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

Security is a contract, whether express or implied, and the remaining allegations in paragraph 51 are denied.

**THIRD CAUSE OF ACTION**
**Violation of Florida's Deceptive and Unfair Trade Practices Act**
**FLA. STAT. § 501.201, et seq.**
**(On behalf of Plaintiff and the Class)**

52.     Plaintiff incorporates by reference the allegations in paragraphs 1 – 36 [sic] above.

**ANSWER:**     Spirit incorporates by reference the objections and answers in paragraphs 1 - 51 above.

53.     Plaintiffs and Class members are "consumers" within the meaning of Fla. Stat. § 501.203(7) because they are individuals.

**ANSWER:**     Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' FDUTPA claim in the consolidated action (Doc. # 44), and Plaintiff stipulated to the Court's Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 53 seek legal conclusions. Without waiving any objections and subject thereto, admitted.

54.     Spirit was engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8) because they were offering and advertising the Shortcut Security service.

**ANSWER:**     Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' FDUTPA claim in the consolidated action (Doc. # 44), and Plaintiff stipulated to the Court's Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 54 seek legal conclusions. Without waiving any objections and subject thereto, admitted.

55.     Spirit has its principle [sic] place of business in Florida, is incorporated in Florida, and, on information and belief, it operates its call center and online purchasing software from within the State of Florida.  It also collects monies from Shortcut Security service sales throughout the United States in Florida.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

**<u>ANSWER:</u>**    Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' FDUTPA claim in the consolidated action (Doc. # 44), and Plaintiff stipulated to the Court's Order (Doc. # 39). Without waiving any objections and subject thereto, admitted that Spirit's principal place of business is in Florida, and that it collects monies from Shortcut Security service sales in the United States, including Florida. The remaining allegations in paragraph 55 are denied.

56.    Spirit offers to its costumers their Shortcut Security service, have offered it to Plaintiff and Class members at locations where the Shortcut Security service is nonexistent and retained payments Plaintiff and the Class has made without providing said service.

**<u>ANSWER:</u>**    Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' FDUTPA claim in the consolidated action (Doc. # 44), and Plaintiff stipulated to the Court's Order (Doc. # 39). Without waiving any objections and subject thereto, denied.

57.    The Shortcut Security service was supposed to provide to Plaintiff a dedicated Spirit Shortcut Security line at Los Angeles International Airport but did not.

**<u>ANSWER:</u>**    Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' FDUTPA claim in the consolidated action (Doc. # 44), and Plaintiff stipulated to the Court's Order (Doc. # 39). Without waiving any objections and subject thereto, denied.

58.    Spirit's conduct constitutes unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices within the meaning of Fla. Stat. § 501.204, et seq. because, despite representations to the contrary, there was no Shortcut Security service provided at Los Angeles International Airport or many of the other airports said to provide this service by Spirit.

**<u>ANSWER:</u>**    Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' FDUTPA claim in the consolidated action (Doc. # 44), and Plaintiff stipulated to the Court's Order

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

(Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 58 seek legal conclusions. Without waiving any objections and subject thereto, denied.

59.     Plaintiff purchased Spirit's Shortcut Security based upon Spirit's false statements and omissions.

**ANSWER:**   Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' FDUTPA claim in the consolidated action (Doc. # 44), and Plaintiff stipulated to the Court's Order (Doc. # 39). Without waiving any objections and subject thereto, denied.

60.     Moreover, a reasonable consumer would understand the Shortcut Security service to mean that there would be a dedicated Shortcut Security line available at the airport in which they were going through security.

**ANSWER:**   Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' FDUTPA claim in the consolidated action (Doc. # 44), and Plaintiff stipulated to the Court's Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 60 are narrative and/or argumentative. Without waiving any objections and subject thereto, denied as stated.

61.     Due to the lack of a Spirit Shortcut Security line at Los Angeles International Airport, Defendant is the direct and proximate cause of Plaintiffs' injuries.  The injuries, *inter alia*, include the $8 paid by Plaintiff as the cost to use the Shortcut Security service at Los Angeles International Airport, which can be cheaper at other airports ($6).

**ANSWER:**   Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' FDUTPA claim in the consolidated action (Doc. # 44), and Plaintiff stipulated to the Court's Order (Doc. # 39). Without waiving any objections and subject thereto, denied.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

62.     Therefore, Plaintiff and the Class members suffered actual damages within the meaning of Fla. Stat. § 501.211 due to Spirit's misrepresentations. The Shortcut Security service that Plaintiff purchased was illusory and failed to adhere to Spirit's representations.

**ANSWER:**     Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' FDUTPA claim in the consolidated action (Doc. # 44), and Plaintiff stipulated to the Court's Order (Doc. # 39). Without waiving any objections and subject thereto, denied.

**FOURTH CAUSE OF ACTION**
**Common Law Unjust Enrichment**
**(On behalf of Plaintiff and the Class and in the alternative to Counts I and III)**

63.     Plaintiff incorporates by reference the allegations in paragraphs 1 - 36 [sic] above.

**ANSWER:**     Spirit incorporates by reference the objections and answers in paragraphs 1 - 62 above.

64.     Plaintiff and the other members of the Class have conferred substantial benefits to Defendant when they purchased Spirits' "Security Shortcut" service.

**ANSWER:**     Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' quasi-contract claim in the consolidated action (Doc. # 31), and Plaintiff stipulated to the Court's Order (Doc. # 39). Without waiving any objections and subject thereto, denied.

65.     The amount of the benefit Defendant received is measurable by the amounts it collected from customers' payments for the Security Shortcut service.  Defendant has been unjustly enriched by any portion of this benefit that it has retained or withheld, or any monies it has derived from retained or withheld amounts.  Defendant appreciates or has knowledge of such benefit.

**ANSWER:**     Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' quasi-contract claim in the consolidated action (Doc. # 31), and Plaintiff stipulated to the Court's

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 65 seek legal conclusions. Without waiving any objections and subject thereto, admitted that Spirit retained certain monies paid for Shortcut Security, which are generally nonrefundable. The remaining allegations in paragraph 65 are denied.

66.     Defendant's retention of this benefit violates fundamental principles of justice, equity, and good conscience.  Spirit never provided Plaintiff and the other members of the Class with any "Security Shortcut" service, and Spirit Airlines knew or reasonably should have known that Plaintiff and the other members of the Class would not receive any benefits for their purchases of the "Security Shortcut" service.

**ANSWER:**   Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' quasi-contract claim in the consolidated action (Doc. # 31), and Plaintiff stipulated to the Court's Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 66 seek legal conclusions. Without waiving any objections and subject thereto, admitted that Spirit retained certain monies paid for Shortcut Security, which are generally nonrefundable. The remaining allegations in paragraph 66 are denied.

67.     Indeed, Defendant kept payments from numerous consumers, including Plaintiff and the other members of the Class despite the countless reviews which shed light on the issue that there was no "Security Shortcut" line being provided at the various airports where the service was advertised and sold.

**ANSWER:**   Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' quasi-contract claim in the consolidated action (Doc. # 31), and Plaintiff stipulated to the Court's Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 67 seek legal conclusions. Without waiving any objections and subject thereto, admitted that Spirit

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

retained certain monies paid for Shortcut Security, which are generally nonrefundable. The remaining allegations in paragraph 67 are denied.

68.    It would be inequitable and unjust for Defendant to retain the benefit of monies charged for services it had no intent or ability to provide.

**ANSWER:**    Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' quasi-contract claim in the consolidated action (Doc. # 31), and Plaintiff stipulated to the Court's Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 68 seek legal conclusions. Without waiving any objections and subject thereto, denied.

69.    Defendant's retention of the payments received from Plaintiff and the other members of the Class is unconscionable, and unless these payments are reimbursed, Defendant Spirit Airlines will be unjustly enriched.

**ANSWER:**    Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' quasi-contract claim in the consolidated action (Doc. # 31), and Plaintiff stipulated to the Court's Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 69 seek legal conclusions. Without waiving any objections and subject thereto, denied.

60 [sic]. As the direct and proximate result of Spirit's unjust enrichment, Plaintiff and the Class are entitled to restitution of all profits, benefits, and other advantages attained by Defendant through the unlawful and deceptive conduct described herein.

**ANSWER:**    Spirit objects to the extent that the Court dismissed the Roman Plaintiffs' quasi-contract claim in the consolidated action (Doc. # 31), and Plaintiff stipulated to the Court's Order (Doc. # 39). Additionally, Spirit objects to the extent that the allegations in paragraph 70 seek legal conclusions. Without waiving any objections and subject thereto, denied.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

## <u>AFFIRMATIVE DEFENSES</u>

NOW COMES the Defendant, Spirit Airlines, Inc. ("Spirit"), by and through its attorneys, LEÓN COSGROVE, LLP, and JAFFE RAITT HEUER & WEISS, P.C., and states the following as its affirmative defenses in this matter, which may be amended or withdrawn as additional facts become known:

a.      **Failure to state a claim:**  Plaintiff and the putative class fail to state claims upon which relief can be granted.

b.      **Statute of limitations/Period of limitations:**  To the extent claims were brought after the expiration of the applicable statute of limitations, period of limitations, or contractual limitations period, Plaintiff's and the putative class's claims are barred.

c.      **Federal preemption:**  Federal law, including but not limited to the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713, and/or the Federal Aviation Act of 1958, 49 U.S.C. § 40101 *et seq*., preempts Plaintiff's and the putative class's state law claims in whole or in part.

d.      **Contract of Carriage:**  Plaintiff's and the putative class's claims are barred in whole or in part by Spirit's Contract of Carriage. Spirit's Contract of Carriage is always available to passengers and the general public from a link on its website at https://content.spirit.com/ Shared/en-us/Documents/Contract_of_Carriage.pdf.  Additionally, with every passenger's ticket purchase – whether made by calling Reservations, on spirit.com, on the Spirit app, or at the airports – Spirit provides notice of its Contract of Carriage, and the incorporation of its terms, and makes the full text of the Contract of Carriage available to passengers via web link, through the Spirit app, by mail, at the airports, and at ticket offices.  In further response, Spirit states that its Contract of Carriage is always available to passengers and the general public from a link on its website at

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

https://content.spirit.com/Shared/en-us/Documents/Contract_ of_Carriage.pdf. Additionally, with every passenger's ticket purchase – whether made by calling Reservations, on spirit.com, on the Spirit app, or at the airports – Spirit provides notice of its Contract of Carriage, and the incorporation of its terms, and makes the full text of the Contract of Carriage available to passengers via web link, through the Spirit app, by mail, at the airports, and at ticket offices. The foregoing complies with any and all applicable federal common law and regulations, including but not limited to 14 C.F.R. §§ 253.4(a) and 253.5(a).

e.      **Choice of law:**  Plaintiff's and the putative class's claims are governed by and barred in whole or in part by laws other than the laws of the State of Florida.

f.      **Complete performance:**  Spirit is discharged from all liability due to fully performing and discharging all duties.

g.      **Failure of formation:**  Plaintiff's and the putative class's claims are barred in whole or in part by the lack of contract formation.

h.      **Failure of consideration:**  Plaintiff's and the putative class's claims are barred in whole or in part by a lack of consideration.

i.      **Waiver:**  Plaintiff's and the putative class's claims are barred in whole or in part by waiver, including but not limited to the class action waiver provision in Spirit's governing Contracts of Carriage.

j.      **Comparative fault:**  Plaintiff's and the putative class's claims are barred in whole or at least in part by their own acts.

k.      **Third-party fault and/or negligence:** Plaintiff's and the putative class's claims are barred in whole or at least in part by third-party fault and/or negligence.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

l.       **No actual damages:**  Plaintiff and the putative class suffered no actual damages related to Spirit's alleged acts and/or breaches.

m.      **Failure to mitigate damages:**  Plaintiff and the putative class failed to mitigate their damages or take reasonable steps to minimize or prevent the damages claimed to have been suffered.

n.      **Speculative Damages:** Plaintiff and the putative class cannot recover for their alleged damages, which are wholly speculative in nature.

o.      **Class Action Requirements:**  The putative class's claims are barred in whole or in part by Plaintiff's failure to satisfy the class action prerequisites and other requirements under Rule 23, including but not limited to numerosity, commonality, typicality, adequacy and/or the factors enumerated under Rule 23(b).

p.      **Lack of Standing:**  Plaintiff's individual and class action claims are barred in whole or in part for a lack of standing.

q.      **Prior Court Orders:** The Court dismissed the Roman Plaintiffs' quasi-contract and FDUTPA claims in the consolidated action (Doc. # 31, 44), and Plaintiff stipulated to the Court's Orders (Doc. # 39), which bars Plaintiff's quasi-contract and FDUTPA claims in the present action.

r.      **Res Judicata and/or Collateral Estoppel:** Plaintiff's claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

s.      **Reservation:**  Affirmative defenses are legal defenses, which if not stated in response to the Complaint, may be waived. Accordingly, as indicated above, Spirit may modify, withdraw, and/or add affirmative defenses as information becomes available during investigation and discovery conducted hereafter.

LEÓN COSGROVE, LLP

255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM

## <u>RELIANCE ON JURY DEMAND</u>

NOW COMES the Defendant, Spirit Airlines, Inc., by and through its attorneys, LEÓN COSGROVE, LLP, and JAFFE RAITT HEUER & WEISS, P.C., and hereby relies on the Plaintiff's demand for a trial by jury as applicable to all claims and defenses in this case, with the exception of issues of law that are appropriate for the Court to decide.

Dated: May 1, 2020

Respectfully submitted,

By: <u>**Alec H. Schultz**</u>
Alec H. Schultz (Florida Bar No.: 35022)
Carly A. Kligler (Florida Bar No.: 83980)
LEÓN COSGROVE, LLP
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Tel:  (305) 740-1986
Fax:  (305) 437-8158
Email:  aschultz@leoncosgrove.com
Email:  ckligler@leoncosgrove.com
Email:  eperez@leoncosgrove.com
Email:  cmanzano@leoncosgrove.com

and

Scott R. Torpey *pro hac vice*)
Timothy J. O'Connell (*pro hac vice*)
JAFFE RAITT HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Tel:  (248) 351-3000
Fax:  (248) 351-3082
Email:  storpey@jaffelaw.com
Email:  toconnell@jaffelaw.com

*Counsel for Defendant Spirit Airlines, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing upon all ECF Participants.

By: <u>*/s/ Alec H. Schultz*</u>
Alec H. Schultz

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR.  |  SUITE 800  |  CORAL GABLES, FL 33134  |  T 305.740.1975  |  WWW.LEONCOSGROVE.COM